IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RDB-25-048 |
| | * | |
| ANTHONY CALVIN KNIGHT, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned attorneys, respectfully submits this memorandum in advance of the sentencing hearing for Defendant Anthony Calvin Knight, currently set for January 21, 2026. For the reasons set forth below, the government submits that the agreed-on sentence of 18 months' incarceration is sufficient, but not greater than necessary, to fulfill the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The Defendant, going by the kennel name "Reck Goon," was a dog fighter and member of the multistate dog fighting ring known as the "DMV Board." From approximately 2008 through late 2024, the defendant kept, trained, and bred dogs for the purpose of sponsoring them in dog fights with members of the DMV Board and others. When agents searched the Defendant's residence in connection with an investigation of his dog fighting activity, they found kennels, weighted collars, training accessories, and other items consistent with the Defendant engaging in dog fighting. Agents also found a stolen Glock 9mm 10mm handgun and numerous rounds of ammunition in a gun safe under the bed in the Defendant's bedroom. The Defendant was prohibited from possessing this firearm due to a prior felony conviction.

On October 17, 2025, the United States filed a Superseding Information charging the Defendant with Conspiracy to Engage in an Animal Fighting Venture, in violation of 18 U.S.C. § 371 (Count One), and Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g) (Count Two). ECF No. 17. On October 22, 2025, the Defendant pled guilty to both counts of the Superseding Information. ECF No. 25. As part of the plea agreement and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Defendant and the government agreed that a sentence of 18 months of incarceration was the appropriate disposition of this case.

## II. U.S. SENTENCING GUIDELINES CALCULATION AND CRIMINAL HISTORY CATEGORY

As set forth in the Presentence Investigation Report ("PSR") ¶¶ 26–47, the Defendant's U.S. Sentencing Guidelines ("U.S.S.G.") offense level is calculated as follows:

Count 1

- **Base Offense Level**: The Defendant's base offense level is 16 because the offense involved an animal fighting venture. U.S.S.G. §2E3.1(a)(1).

Count 2

- **Base Offense Level**: The Defendant's base offense level is 20 because he committed the instant offense subsequent to sustaining one felony conviction for a controlled substance offense.[1] U.S.S.G. §2K2.1(a)(4)(A).

- **2-Level Increase**: The Defendant receives a 2-level increase because the firearm involved in the offense was stolen. U.S.S.G. §2K2.1(b)(4)(A).

- **Adjusted Offense Level**: The Defendant's adjusted offense level is therefore 22.

---

[1] The plea agreement incorrectly noted the base offense level as 14. This was due to an oversight; the parties did not recognize that the Defendant's August 2003 conviction, which resulted in a sentence of three years' unsupervised probation before judgment, was a felony conviction. The parties nevertheless are still in agreement that the recommended sentence is appropriate.

2

Grouping and Final Adjusted Offense Level

- **Grouping**: The Defendant's offenses result in 2 group units, and therefore receives a 1-level increase. U.S.S.G. §3D1.4.

- **3-Level Reduction**: The Defendant receives a further 2-level reduction for acceptance of personal responsibility, and the Government will further move for an additional 1-level reduction for timely notification of his intention to enter a plea of guilty. U.S.S.G. §3E1.1(a) and (b).

The Defendant's final adjusted offense level is therefore 20. PSR ¶ 47.

The Defendant has three prior convictions that count for a total of four criminal history points. PSR ¶¶ 50–52. The most recent of conviction was sustained in April 2007. The Defendant's Criminal History Category is therefore III. PSR ¶ 56.

Based on his calculated offense level of 20 and Criminal History Category of III, the recommended Guidelines range is 41–51 months' incarceration.

### III. SENTENCING RECOMMENDATION AND 18 U.S.C. § 3553(a) FACTORS

The government submits that the appropriate sentence for the Defendant is 18 months' incarceration. This sentence takes into account the seriousness of the Defendant's conduct but also incorporates a downward variance to address the age of the Defendant's prior criminal history.

The Defendant's crimes are serious. Not only did he engage in a lengthy career of dog fighting through the end of 2024, he possessed a stolen firearm. Both of these offenses pose a danger to the community. Dog fighting is inherently cruel and violent, resulting in the suffering and death of countless dogs for the amusement and profit of the fighters. And the Defendant's gun poses an obvious threat of potential violence in the community.

The Defendant's Criminal History Category of III results from the inclusion of three convictions that he sustained from age 18 to 21 (between 2003 and 2007). Since his April 2007 conviction, the Defendant's only other criminal conviction was for a negligent driving charge in 2018. Simply put, these convictions are old. The only reason they count for criminal history

points is that the Defendant's involvement in dog fighting goes back to 2008, effectively resurrecting the prior convictions for the purpose of calculating his Criminal History Category. Given the almost two-decade gap between the instant charges and the Defendant's most recent conviction, a downward variance is appropriate.

The recommended sentence takes into consideration the seriousness of the Defendant's crimes and also includes mitigation based on the Defendant's history and personal circumstances. 18 months' incarceration, while by no means lengthy, will still serve as an adequate deterrent for the Defendant, whose longest time in prison was previously three months. *See* PSR ¶ 52. And it will avoid unwarranted sentencing disparities between the Defendant and other similarly situated offenders whose convictions were similarly far in their past.

## IV.  CONCLUSION

For all the foregoing reasons, the government respectfully requests that the Court impose a sentence of 18 months' incarceration, which is sufficient, but not greater than necessary, to meet the sentencing goals of 18 U.S.C. § 3553(a).

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

   /s/
Alexander Levin
Assistant United States Attorney